IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEVELOPERS DIVERSIFIED OF )
TENNESSEE, INC., n/k/a DDR Corp., )
　)
　　　Plaintiff, )
　)
　)
vs. ) CASE NO. 3:04-0015
　) JUDGE KNOWLES
　)
　)
TOKIO FIRE and MARINE )
INSURANCE CO., )
　)
　　　Defendant. )

**ORDER**

This matter is before the Court upon DDR's "Motion for Sanctions Due to Tokio's Negligence Spoliation of Key Evidence." Docket No. 314. Tokio has filed a Response in Opposition to the Motion (Docket No. 326) and DDR has filed a Reply to that Response (Docket No. 331).

In the Motion, DDR avers that Tokio negligently allowed evidence relevant to its breach of contract claims and DDR's defenses thereto to be destroyed, namely the collapsed roof materials and Sports Authority's records/documents concerning its Brentwood location, including financial information concerning that store.

DDR argues in part that Tokio should not be allowed to present expert testimony on the cause of the roof collapse because it did not have the opportunity to have its own expert examine this "critical evidence." DDR also claims that it is entitled to evidentiary inferences that the evidence would have been favorable to DDR.

In the course of considering the parties' recent Motions for Summary Judgment, the undersigned discovered that there appears to be a question in the record with regard to whether this action contains a jury demand. The docket sheet in the Court's electronic filing system states that a jury has been demanded, but it does not appear that either DDR or Tokio has demanded a jury. A third-party Defendant, CHM Roof Consultants, Inc., did demand a jury (Docket No. 77, p. 8), but it was dismissed from the case long ago. The undersigned understands that Defendant intends to file a Motion seeking a jury trial and that Plaintiff will oppose that Motion.

Part of DDR's request for relief in the referenced Motion is in the form of an adverse jury instruction. (It seems to make little sense to discuss an adverse evidentiary inference in a bench trial.)

Therefore, in view of the current uncertainty with regard to whether this case will be tried as a jury case, the instant Motion (Docket No. 314) is DENIED, without prejudice to being renewed or refiled if and as may be appropriate.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge